UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KALIJARVI, CHUZI, NEWMAN & FITCH, P.C., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-01127 (ESH) |
| KELVIN BAKER, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Before the Court is plaintiff Kalijarvi, Chuzi, Newman & Fitch, P.C.'s motion for default judgment pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) as a sanction for defendant Kelvin Baker's failure to respond to discovery and failure to comply with the Court's March 5, 2013 Order granting plaintiff's motion to compel discovery from defendant. (Pl.'s Mot. for Default Judgment, March 27, 2013 [ECF No. 16].) For the reasons stated herein, the motion will be granted.

The events leading up to the filing of plaintiff's motion are as follows. Plaintiff filed its complaint against defendant on July 9, 2012, claiming breach of contract and seeking to recover unpaid legal fees. Defendant was served with the summons and complaint on July 23, 2012, and his answer was due on August 10, 2012. (Aff. of Service, Aug. 9, 2013 [ECF No. 5].) Upon plaintiff's filling of an affidavit of default (Aff. in Support of Default, Aug. 14, 2012 [ECF No. 6]), the Clerk of Court entered a default against defendant. (Default, Aug. 15, 2012 [ECF No. 8].) Plaintiff filed its first motion for default judgment on August 17, 2012. (Pl. Mot. for

Default Judgment, Aug. 17, 2012 [ECF No. 17]), the same date that defendant, proceeding *pro se*, filed an untimely answer to the complaint. (Answer, Aug. 17, 2012 [ECF No. 10].) Following a telephone conference with the parties, the Court denied the motion for default judgment and set an initial scheduling conference for October 30, 2012. (Order, Sept. 20, 2012 [ECF No. 1].)

Prior to the scheduled date for the initial scheduling conference, plaintiff attempted to contact defendant to prepare the joint meet and confer report required by Local Civil Rule 16.3, but was unable to reach him. (Pl. Rule 16.3 Report at 1, Oct. 23, 2012 [ECF No. 12].) Accordingly, plaintiff filed its own report. (*Id.*) That same day, defendant contacted Chambers seeking to schedule a telephone conference in advance of the Initial Scheduling Conference. (Minute Order, Oct. 24, 2013.) The Court agreed to defendant's request and had a telephone conference with both parties on October 26, 2012. (Minute Order, Oct. 26, 2012.) During that call, defendant represented to plaintiff and the Court that he intended to invoke his right to arbitrate the fee dispute before the D.C. Bar's Attorney/Client Arbitration Board. (*Id.*) Based on that representation, the Court continued the initial scheduling conference until November 19, 2012, and ordered the defendant to "provide by mail to the Court and to plaintiff a copy of his submission to the Board, including his "Request to Arbitrate" and "Agreement to Arbitrate." (*Id.*) Upon receipt of proof that defendant had exercised his right to seek arbitration, the Court indicated that it would cancel the initial scheduling conference.

By November 19, 2012, the Court had received no additional information from defendant, so it attempted to proceed with the initial scheduling conference, with defendant again participating by telephone. (Minute Entry, Nov. 19, 2012.) During the conference, defendant represented that although he had not yet completed the necessary paperwork, he still intended to

seek arbitration, (*Id.*) Based on defendant's representations, the Court again postponed the initial scheduling conference, this time until December 14, 2012. (*Id.*) By December 14, 2012, defendant had not yet taken the steps needed to invoke right to arbitrate, so the Court proceeded with the initial scheduling conference and issued a scheduling order. (Scheduling Order, Dec. 14, 2013 [ECF No. 14].) The scheduling order set a discovery end date of April 4, 2013, and a status conference for April 7, 2013.

Plaintiff served its First Set of Discovery Requests on December 14, 2012, and its Amended Requests for Admissions on December 17, 2012, making defendant's responses due on January 16, 2013, and January 21, 2013, respectively. On February 14, 2013, after defendant had failed to respond to either discovery request, plaintiff filed a motion to compel defendant to respond. (Pl. Mot. to Compel Def. Response to Discovery, Feb. 14, 2013 [ECF No. 14].) After defendant failed to file any response, the Court granted the motion. (Order, Mar. 5, 2013 [ECF No. 15].). In the order granting the motion, the Court directed defendant to respond to plaintiff's discovery requests by March 20, 2013, with the warning that "if defendant fails to comply with this order, the Court will entertain a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), which authorizes the Court to impose a variety of sanctions, including 'rendering a default judgment against the disobedient party.'" (*Id*. at 2 (quoting Rule 37(b)(2)(A)).)

On March 27, 2013, plaintiff filed the pending motion for sanctions, representing to the Court that defendant had failed to comply with the Court's March 5, 2013 Order and, therefore, that it was seeking default judgment as a sanction. On April 17, 2013, plaintiff notified the Court that defendant has failed to appear for his deposition that had been scheduled for April 12, 2013. (Notice of Def.'s Failure to Appear for Deposition, April 17, 2013 [ECF No. 18].)

"A district court may order sanctions, including a default judgment, for misconduct either pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, which authorizes a court to assess a sanction for violation of a discovery order, or pursuant to the court's inherent power to protect [its] integrity and prevent abuses of the judicial process." *Webb v. District of Columbia*, 146 F.3d 964 (D.C. Cir. 1998) (citing internal quotations omitted).  There are

> three basic justifications that support the use of dismissal or default judgment as a sanction for misconduct. First, the court may decide that the errant party's behavior has severely hampered the other party's ability to present his case-in other words, that the other party has been so prejudiced by the misconduct that it would be unfair to require him to proceed further in the case.  Second, the court may take account of the prejudice caused to the judicial system when the party's misconduct has put an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay.  And finally, the court may consider the need to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.

*Id*. (internal quotations and citations omitted).

Each of these justifications is applicable here.  First, plaintiff has been unable to obtain *any* discovery from defendant.  Without discovery, plaintiff's ability to present its case is unquestionably severely hampered.  Second, as set forth above, earlier proceedings in this case were delayed multiple times in an attempt to accommodate the fact that defendant was proceeding *pro se*, his out-of-state residence, and his representation that he intended to invoke his right to arbitrate the fee dispute.  Finally, defendant has ignored the Court's order to comply with plaintiff's discovery requests, ignored plaintiff's notice to take his deposition, ignored plaintiff's continued attempts to contact him, and filed no response to plaintiff's motion for default judgment in the six weeks that have passed since plaintiff filed its motion.  Although defendant initially entered an appearance in the case and participated in several telephone conferences, for the past almost six months he has been nonresponsive to both plaintiff and the Court, demonstrating a flagrant lack of respect for the judicial process.  Although entering a

default judgment as a sanction for discovery violations is a severe consequence, this case presents the rare situation where there does not appear to be another viable option.

Accordingly, and for the reasons set forth herein, plaintiff's motion for default judgment is granted. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 15, 2013